GULOTTA, Judge.
Plaintiff’s tort suit, filed in proper person for injuries sustained while incarcerated in the Parish Prison in the City of New Orleans, was dismissed on an exception of prescription. We affirm.
In the petition, filed on October 20, 1980, plaintiff alleges that in April, 1975 at the time of his arrest “he was brutally assaulted by members of the Orleans Parish Police Department”. He alleges further that on or about January 16, 1977, while awaiting trial, he developed physical disability and mental problems resulting from inhuman treatment administered by the parish prison officials. According to the petition, because of inhuman prison conditions and lack of medical treatment his mental and physical problems continued to exist resulting in “severe and disabling injuries to petitioners— mind and body.” It is clear from the petition and other documents in the record that the acts complained of resulting in the alleged injuries occurred in excess of five years and the disability manifested itself in excess of three years prior to the filing of the suit.
Because of our recognition of plaintiff’s disadvantage in making allegations in proper person, we felt a responsibility to search the accompanying documents, exhibits and memoranda in the record to ascertain whether facts may have been asserted in those documents to compel a result that the suit has not prescribed under LSA-C.C. Art. 3536. Our search has been in vain.
In a memorandum which we construe as a supplemental petition, plaintiff alleges that on February 21,1979 he commenced to suffer serious pain in the right foot causing confusion and emotional stress. He alleges further that on February 23, 1979 he suffered physical and mental breakdowns. Reference is made in that document to December 3, 1979 when plaintiff was advised by family and friends to seek private medical care. Plaintiff states that on January 3, 1980, March 10, 1980, and May 6, and May 10,1980 he made visits to private physicians and a hospital clinic and received medication for temporary relief of his foot condition. Also in the record is a copy of plaintiff’s letter of February 15, 1977 to a United States District Court judge in which plaintiff stressed the need for medical and legal assistance. According to his briefs, plaintiff was released from incarceration in the latter part of 1977.
In a per curiam attached to the order granting the devolutive appeal, the trial judge indicated that he was compelled to maintain this plea of prescription, although he had sought to assist plaintiff in the suit. We, like the trial judge, have tried to interpret the petition and accompanying documents in a light most favorable to plaintiff. Nonetheless, we are compelled to affirm the judgment maintaining the plea of prescription. Accordingly, the judgment is affirmed.
AFFIRMED.