503 So.2d 659 (1987)
Frank DIXON, Plaintiff-Appellant,
v.
Dave ROQUE, et al., Defendants-Appellees.
No. 86-228.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1987.
*660 Frank Dixon, pro se.
Sam C. Giordano, Alexandria, for defendants-appellees.
Before DOUCET, YELVERTON and CULPEPPER[*], JJ.
DOUCET, Judge.
Plaintiff, Frank Dixon, entered into a three year lease with defendants, Dave and Leona Roque, to lease a building located at 826 Lee Street, Alexandria, LA. The lease commenced in January 1980, and terminated in January 1983. The premises were leased for the purpose of operating a night club. The plaintiff alleged that he purchased and installed a cash register, two refrigerator beer boxes, forty-five tables, and one hundred eighty chairs on the leased premises.
On November 19, 1982, plaintiff was sentenced to serve a term in the Louisiana Department of Corrections.
Prior to the expiration of the lease, plaintiff's wife, Elaine Dixon, allegedly had the above described property removed from the leased premises. Plaintiff alleges that in January 1983, defendants came and took possession of the above described equipment belonging to plaintiff, stating that the said equipment belonged to or was their property and have had continued possession of said property to this date. The plaintiff further alleges that he made numerous telephone calls and direct personal appeals to obtain this equipment from the defendants. The plaintiff's last such effort was made in February 1985.
Plaintiff filed a conversion suit on August 12, 1984 in the Ninth Judicial District Court against defendants. The petition alleges that the defendants were liable unto plaintiff in the amount of $4,600.00. Defendants filed a Peremptory Exception of Prescription alleging that the said petition, on the face thereof, shows that the cause of action therein stated occurred more than one year from the commencement of this action, and is therefore prescribed by prescription of one year. The plaintiff filed an Answer to this Peremptory Exception of Prescription alleging the doctrine of contra non valentem and the Trial Court's responsibility to afford plaintiff reasonable assistance in ascertaining whether facts and evidence existed to sustain plaintiff's suit.
On December 9, 1985, the Trial Court rendered judgment and the formal judgment was signed on December 13, 1985, granting defendants' Peremptory Exception of Prescription and dismissing plaintiff's suit at his cost. Defendants appealed the judgment on January 9, 1986.
Plaintiff, on appeal, contends that the trial court erred when it rendered judgment granting defendants' Peremptory Exception of Prescription. We disagree.
It is well engrained in our law that conversion is a tort and governed by the one year prescriptive period of La.C.C. art. 3536, amended and reenacted as C.C. art. 3492 by Acts 1983, No. 173, effective January 1, 1984.. Madden v. Madden, 353 So.2d 1079 (La.App. 2nd Cir.1977). Thus, because plaintiff's action is in tort, he is subject to the La.C.C. art. 3536, amended and reenacted as C.C. art. 3492 by Acts 1983, No. 173, effective January 1, 1984, one year prescriptive period. The prescriptive period commences on the date the insured party has actual or constructive knowledge of the facts that would entitle him to bring suit. Lynch v. Foster, 376 So.2d 342 (La.App. 3rd Cir.1979). As the pleadings indicate, the alleged cause of action occurred in January 1983, and the suit was not filed until August 12, 1984. More *661 than one year elapsed between the time of the incident and the time suit was filed. There are no allegations in the original petition that plaintiff did not have knowledge of defendants' alleged action. To the contrary, plaintiff alleged that he repeatedly made efforts to obtain the property that was taken. Additionally, defendants' alleged action was made directly to plaintiff's wife. Thus, it is apparent that plaintiff had constructive, if not actual notice, of the alleged action. As such, we find that the prescriptive period commenced on the date of the alleged conversion (January 1983). The instant cause of action prescribed at the end of January 1984. Because the suit was not filed before this date, it ceased to become a viable claim.
Plaintiff also argues that the prescriptive period was interrupted due to the fact that the doctrine of contra non valentem agere nulla currit praescriptio (prescription does not run against a party who is unable to act) applies in the instant situation. Plaintiff contends that the doctrine applies because the appellant was in jail and unaware of the alleged conversion. We disagree.
A basic criteria for contra non valentem to apply is for the tortfeasor to purposefully hinder the victim from taking cognizance of the cause of action. Corsey v. State Dep't. of Corrections, 375 So.2d 1319 (La. 1979). There are no allegations or evidence in the record to prove or raise an issue that defendants caused the appellant to be incarcerated. With respect to the allegations that defendants deceived appellant's wife, the problem is that they are just allegations. All appellant has done is made conclusions of law based on unproven allegations. Appellant has not produced a scintilla of evidence to even raise an issue as to their validity. Thus, we find that the above doctrine is inapplicable to the instant situation.
Finally, plaintiff asserts that Mukhtar v. Orleans Parish, 416 So.2d 147 (La. App. 4th Cir.1982) dictates that because he was disadvantaged due to the fact that he was making allegations in proper person, the court had a duty to search the accompanying documents and memoranda in the record to ascertain whether facts may have been asserted in those documents to compel a result that the suit has not prescribed under La.C.C. art. 3536, amended and reenacted as C.C. art. 3492 by Acts 1983, No. 173, effective January 1, 1984. We find that the above decision would possibly be applicable if there were facts in the record which would compel a result that the suit has not prescribed. However, there are no facts in the record which would support such a conclusion. Thus, we find that relief of this sort cannot be afforded to plaintiff under Mukhtar, supra.
The law is clear that if the tort has prescribed on the face of the petition, the burden to prove interruption is on the plaintiff. Shushan v. Machella, 483 So.2d 1156 (La.App. 5th Cir.1986). Because plaintiff has not carried his burden of proof, we find that the cause of action was not interrupted and had therefore prescribed before plaintiff filed suit.
Accordingly, there was no error in sustaining defendants' Exception of Prescription and the judgment is affirmed.
AFFIRMED.
NOTES
[*] Judge WILLIAM A. CULPEPPER, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.