658 So.2d 209 (1995)
Glenn T. HAMPTON, Plaintiff-Appellant,
v.
The KROGER COMPANY and The City of Shreveport, Defendants-Appellees.
No. 27073-CA.
Court of Appeal of Louisiana, Second Circuit.
June 21, 1995.
*210 Glenn T. Hampton, Fort Worth, in pro. per.
Mayer, Smith & Roberts by Deborah Shea Baukman, Jerald N. Jones, City Atty., Lawrence K. McCollum, Asst. City Atty., Shreveport, for appellees.
Before NORRIS, LINDSAY, JJ., and EDWARDS, J. Pro Tem.
NORRIS, Judge.
Glen T. Hampton appeals a judgment of the District Court dismissing, on grounds of prescription, his tort suit against The Kroger Company and the City of Shreveport. For the reasons expressed, we affirm.

Factual background
Hampton's petition alleges that on January 26, 1990, he was detained by employees of the Kroger Store on Mansfield Road in Shreveport on suspicion of shoplifting. Shreveport police officers arrived, placed him under arrest and took him to City Jail. Later the same day Hampton was released from jail and issued a summons to appear at a later date. Apparently these charges were ultimately dropped; however, he was later imprisoned after conviction on an unrelated matter. He was incarcerated when he took the instant appeal.
Nearly two years after his detention, arrest and release, Hampton filed suit against Kroger and the City of Shreveport on December 9, 1991. He sought damages for allegedly unlawful detention by Kroger's employees and unlawful arrest by Shreveport police. Both defendants filed peremptory *211 exceptions of prescription, alleging that Hampton's action was in tort, subject to one-year liberative prescription, and that prescription began to run from the date of the alleged unlawful detention, arrest and release.
In response to the City's exception, Hampton argued he was not aware of his right to a cause of action until he was so informed by an inmate paralegal at Caddo Detention Center. In response to Kroger's exception, Hampton reiterated his response, and seemed to add that prescription was interrupted for his civil suit as long as the shoplifting charges against him were not dismissed. He also asserted that he had filed a civil rights action in Federal District Court, but this was dismissed for lack of jurisdiction. In a November 1993 response to the exceptions, Hampton raised the additional argument that prescription was interrupted by his incarceration.
By written opinion dated July 29, 1994, the District Court sustained the exceptions of prescription. The court noted that Hampton's cause of action was governed by the one-year prescriptive period, and that a plain reading of his petition showed that his claim had prescribed. The court also stated that prescription was not interrupted simply because Hampton claimed he was unaware that the tort was actionable.
Hampton took the instant appeal, advancing four arguments: (1) his imprisonment suspended the running of prescription; (2) the damages he sustained were not evident until October 1991; (3) his civil action could not be instituted until the disposition of the related criminal charges; and (4) his action should be considered a civil rights action with a two-year statute of limitations under Federal law.

Discussion
Some jurisdictions treat the imprisonment of a party to a civil action as a personal disability which suspends the running of a statute of limitations. See Annotation, "Imprisonment of Party to Civil Action as Tolling Statute of Limitations," 77 A.L.R.3d 735 (1977). Louisiana has no statute to that effect; even if it did, Hampton's incarceration began after the alleged cause of action arose, placing it outside the purview of the other states' statutes.[1]
The Louisiana doctrine of contra non valentem is likewise inapplicable to this case. In Dixon v. Roque, 503 So.2d 659 (La.App. 3d Cir.1987), the Court of Appeal held that the one-year prescriptive period applicable to a lessee's action against his lessor for wrongful conversion was not interrupted during the period the lessee was in jail, since the lessor did not cause the lessee to be in jail and did not hinder him from discovering his cause of action. In so holding, the court noted that a basic criterion for the application of contra non valentem is that the tortfeasor purposefully hindered the victim from taking cognizance of the cause of action. Similarly, in the instant case there is nothing to indicate that the defendants caused Hampton to be incarcerated or hindered him from discovering his alleged cause of action. He apparently was in jail on a totally unrelated incident. His first argument lacks merit.
Hampton's second argument is that his "mental and physical damages" were not apparent until October 1991, a mere two months before he filed suit. However, the prescriptive period for both the alleged wrongful detention and alleged unlawful arrest began to run immediately after the date of his alleged wrongful detention, unlawful arrest and release. Prescription begins to run from the date the plaintiff first suffers actual or appreciable damage, even though he may thereafter come to a more precise realization of the damages or may incur further damages as a result of a completed tortious act. Harvey v. Dixie Graphics Inc., 593 So.2d 351 (La.1992).
The case of Thomas v. Winn Dixie Louisiana Inc., 477 So.2d 925 (La.App. 4th Cir.1985), cited by Hampton, does not support his position in any way as that case *212 contains no issue of prescription. Finally, we observe that ignorance of one's rights does not suspend the running of prescription. Smith v. Tyson, 193 La. 571, 192 So. 61 (1939); Knighten v. Knighten, 447 So.2d 534 (La.App.2d Cir.1984). Hampton's second argument lacks merit.
By his third argument, Hampton urges the under the Louisiana Civil Code and Code of Civil Procedure, a civil action cannot be instituted until the disposition of the related criminal charges. This "statement" of law is simply incorrect. Nothing in Louisiana's statutes or jurisprudence suspended the running of prescription in this case. To the contrary, in De Bouchel v. Koss Const. Co., 177 La. 841, 149 So. 496 (1933), where the plaintiff alleged both false imprisonment and malicious prosecution, the Supreme Court held that the cause of action for false imprisonment (which would include a claim of false arrest) arose on the day upon which the plaintiff was imprisoned and released. Thus his action for false imprisonment, brought more than one year thereafter, was prescribed. Significantly, the court held that because the plaintiff filed his suit just less than a year after being acquitted on the charges for which he was arrested, his lawsuit would have been timely for malicious prosecution if the petition had alleged any fact connecting the defendant with the prosecution. However, because the defendant was not shown to have been connected with the prosecution until an amended petition was filed over a year after the prosecution terminated, the prescription of one year was well founded. The De Bouchel case shows that Hampton's cause of action for false arrest arose on the day he was arrested and released, and that the running of prescription was unaffected by the pending shoplifting charges. See also Meyers v. Edwards, 256 So.2d 337 (La.App. 1st Cir.1971).
By his final argument, Hampton alleges that his action is a Federal civil rights action, and thus a two-year prescriptive period applies under 42 U.S.C. § 1983. This argument is also incorrect. In Watts v. Graves, 720 F.2d 1416 (5th Cir.1983), the Court of Appeals reiterated that wrongs committed by Louisiana state officials in violation of Federal law are considered torts subject to Louisiana's one-year statute of limitations for tort actions. La.C.C. art. 3492. The court explained that because § 1983 contains no limitation provision, the court looks to analogous state statutes for a prescriptive period, as long as the statute is not inconsistent with Federal policies. Accordingly, we conclude that to the extent Hampton's petition can be read as stating a cause of action for a civil rights violation, the action prescribed under art. 3492. This argument lacks merit.

Conclusion
For the reasons expressed, the judgment sustaining the defendants' exceptions of prescription is affirmed. Costs are assessed to Glen T. Hampton to the extent permitted by law. La.C.C.P. art. 5181, et seq.
AFFIRMED.
NOTES
[1] To have the effect of suspending prescription, "the courts have held that it must be shown that the prospective plaintiff was imprisoned when the cause of action arose and that where the plaintiff's incarceration began after such time the exception afforded by the tolling provision was not available to him." Annotation, § 2[a].