745 So.2d 730 (1999)
Robert Gene LAMBERT, Plaintiff-Appellant,
v.
Joseph D. TOUPS, Jr., Defendant-Appellee.
No. 99-72.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1999.
Robert Gene Lambert, Zwolle, for Robert Gene Lambert.
Herman L. Lawson, Mansfield, for Joseph D. Toups, Jr.
Before THIBODEAUX, PETERS, and GREMILLION, Judges.
*731 GREMILLION, Judge.
This is an appeal by the plaintiff, Robert Gene Lambert, from the trial court's decision granting an exception of prescription in favor of the defendant, Joseph D. Toups, Jr. For the following reasons, we affirm.

HISTORY
This suit for legal malpractice arose out of Toup's representation of Lambert in a criminal proceeding. Lambert was arrested on February 16, 1995, and was charged with Operating a Vehicle While Intoxicated, a violation of La.R.S. 14:98(DWI). He remained in jail until February 23, 1995. The trial court appointed Toups to represent him on February 21, 1995. Lambert was arraigned on March 16, 1995, and pled not guilty. On August 15, 1995, after a two day, six person jury trial, Lambert was found guilty of DWI-third offense, and was later sentenced to five years in prison.
Lambert filed his malpractice suit on November 25, 1997. Among his many complaints, Lambert asserts that Toups failed to file, pursue, or prepare a motion for preliminary hearing, motion to suppress, and that he failed to prosecute an appeal. Toups filed an exception of prescription, claiming that Lambert admitted in his petition that he knew of the alleged malpractice on July 16, 1996. Toups further points out that Lambert did not file his suit until November 25, 1997, four months in excess of the one year period provided for in La.R.S. 9:5605. The trial court sustained the exception and dismissed Lambert's suit. Lambert appeals this judgment and alleges the trial court committed the following errors:
1. The trial court erred in not applying the doctrine of contra non valentem.
2. The trial court erred in concluding that prescription ran against him as all the acts, omissions, or negligence will not begin to accrue until final judgment on the criminal appeal.
3. The trial court erred in concluding that prescription ran against him while he was disabled from bringing suit against defendant from March 14, 1996, until April 12, 1997, as he was incarcerated and that incarceration is alleged to be due to the fault of the defendant and it interfered with plaintiff's ability to file and prosecute his lawsuit.
4. The trial court erred in concluding that prescription ran against plaintiff while he was disabled from bringing suit against the defendant until April 12, 1997, as he was incarcerated and the defendant is alleged to have effectively concealed his acts and ommissions of negligence complained of by refusing to communicate with plaintiff.
5. The trial court erred in concluding that prescription ran against plaintiff and thereafter dismissing his petition and in effect suppressed his Federal and State Constitutional Rights of Access to the Courts, Due Process of Law and his Right to Petition the Government For Redress of Grievances.
6. The trial court erred in concluding that prescription ran against plaintiff as all of the alleged acts and omissions of negligence complained of by plaintiff did not begin to prescribe until May 19, 1997, the day the attorney-client relationship terminated.
7. The trial court erred in not granting him leave to amend his petition for legal malpractice.

ASSIGNMENTS OF ERROR NUMBERS ONE, TWO, AND SIX
In these assignments of error, Lambert alleges that the trial court erred in granting the exception of prescription, as the continuous representation rule and contra non valentem should have prevented prescription from running against his claim. He argues that the continuous representation rule prevented his cause of action *732 from ripening until the end of the attorney-client relationship or until the judgment in his case became final. Furthermore, Lambert claims that circumstances prevented him from filing the case within one year from the date of the alleged acts of malpractice, thus, the doctrine of contra non valentem applies. After a review of the record and the pertinent law, we find no merit in these assignments.
An action for legal malpractice is subject to La.R.S. 9:5605, which provides:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, the prescriptive and peremptive period shall be governed exclusively by this Section.
Under a clear reading of this statute, the continuous representation rule, which is rooted in the doctrine of contra non valentem, is not available in legal malpractice actions. This statute makes clear that the suit must be brought within one year from the date the alleged acts occurred, or within one year of discovery. However, the legislature saw fit to limit the time in which a suit could be brought to three years from the date of the alleged acts, regardless of when the wrong was discovered. Furthermore, the legislature made clear that this time limitation was peremptive, and, as such, is not subject to suspension. See La.Civ.Code art. 3461; Reeder v. North, 97-0239 (La.10/21/97); 701 So.2d 1291.
The trial court found that Lambert was aware of his cause of action on July 16, 1996. We will not disturb this finding of fact in the absence of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989). The record provides ample support for the trial court's finding. Lambert claims in his petition that he was aware Toups was not pursuing an appeal on July 16, 1996. Clearly, the trial court could have reasonably concluded that Lambert knew or should have known of the cause of action at that time.

*733 ASSIGNMENTS OF ERROR NUMBERS THREE, FOUR, AND FIVE
In these assignments, Lambert alleges the trial court erred in finding his cause of action had prescribed, as he was unable to file suit due to his incarceration from March 14, 1996 until April 12, 1997. We know of no authority which provides for the interruption or suspension of prescription because a petitioner is or was incarcerated. See Hampton v. Kroger Co., 27,073 (La.App. 2 Cir. 6/21/95); 658 So.2d 209, writ denied, 95-2140 (La.1/5/96); 666 So.2d 298. Further, we note that since the trial court found Lambert knew on July 16, 1996, that Toups was not pursuing his appeal, he had until July 16, 1997 to file suit, leaving him approximately three months after his release to file. Thus, we find no merit in these assignments of error.

ASSIGNMENT OF ERROR NUMBER SEVEN
In his final assignment of error, Lambert asserts the trial court erred by not allowing him to amend his petition to conform to the evidence submitted in open court. This motion was filed approximately one month after the judgment dismissing his suit was signed. La.Code Civ.P. art. 1154 provides in pertinent part:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment[.]
Lambert fails to point to any instance in the transcript that suggests issues not raised by the parties were tried. Furthermore, a reading of his proposed amendments reveals only a rewording of the original petition. Therefore, we find no error in the trial court's denial of this motion.

CONCLUSION
For the reasons set forth above, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the plaintiff-appellant, Robert Gene Lambert.
AFFIRMED.