747 So.2d 1155 (1999)
Albert CHARBONNET
v.
Frank SPALITTA.
No. 98-CA-1321.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1999.
Rehearing Denied December 6, 1999.
Writ Denied February 18, 2000.
*1156 Stephen D. Marx Chehardy, Sherman, Ellis, Breslin & Murray, Metairie, Louisiana, Attorney for Defendant/Appellant.
Thomas E. Loehn, Matthew B. Moreland, Boggs, Loehn & Rodrigue, New Orleans, Louisiana, Attorneys for Plaintiff/Appellee.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY, MARION F. EDWARDS.
GOTHARD, Judge.
Defendant, Frank Spalitta, appeals from a judgment in favor of plaintiff, Albert Charbonnet, awarding to plaintiff $5,000.00 with interest from date of demand. We reverse the decision of the trial court.
In 1979, plaintiffs Albert Charbonnet and Daniel Hof loaned Mr. Samuel Moore $10,000.00. The loan was evidenced by a promissory note dated July 19, 1979, payable to the order of "Bearer," and secured by a collateral mortgage on Moore's house. The note was placed in the custody of defendant, Frank Spalitta. Plaintiffs contend that they deposited the note with Spalitta for safekeeping, while Spalitta contends that plaintiffs gave him the note for collection.
Both Spalitta and Moore testified that Moore paid the proceeds of the note to Spalitta during 1980. Spalitta testified that he, in turn, gave the money from Moore to Daniel Hof. The note was marked paid and the collateral mortgage was canceled on November 14, 1980. These documents were signed by Frank Spalitta. At trial, Daniel Hof denied having received any money from Spalitta.
*1157 Moore testified that six or seven months after he paid off the note, or sometime in late 1981, he saw Charbonnet and he told Charbonnet that he had paid the value of the note to Spalitta. Charbonnet testified that it was during the mid-1980's when he ran into Moore and discussed the note. He testified that in his conversation with Moore, he got the impression that Spalitta had given the money to Hof. Charbonnet admitted that he did not pursue the matter at that time.
Charbonnet testified that prior to his conversation with Moore, at some point around 1983, he and Hof went to Spalitta, recovered an envelope which they believed contained the note, and delivered the envelope to attorney George Recile for collection on the note. Mr. Recile had no recollection of this event. Charbonnet admitted that he did not follow up on this proceeding either.
Charbonnet testified that in 1991, he decided to collect on his share of the promissory note, and he called Mr. Hof. Hof told him that he had never received any money from Spalitta, and the two then made demand on Spalitta for the note. At that time, they obtained a copy of the canceled note and mortgage.
Plaintiff Charbonnet filed this suit against Spalitta on December 9, 1992. Pursuant to exception filed by Spalitta, Hof was added as a plaintiff in this matter.
Spalitta filed an exception of prescription, which was granted by the trial judge. On appeal, this court reversed, finding that while the petition did state a cause of action for conversion, which on its face had prescribed, the petition also presented a cause for "contract of deposit in which defendant was a gratuitous depositary." This court said that, "it is clear defendant refused to return the property in January 1992; however, in 1983, there is an incident where the defendant did not turn over the money, even though plaintiffs were constructively on notice the note had been collected and the defendant was the party supposedly holding the note for safekeeping." The court found that under either date (1983 or 1992), the suit was filed within the ten year prescriptive period for a contract of deposit. Spalitta v. Charbonnet, 93-855 (La.App. 5 Cir.1993) (Not Designated for Publication), writ denied, 94-1595 (La.10/4/94), 644 So.2d 633.
In 1996, Spalitta filed a motion for summary judgment. The trial court granted the motion and dismissed the plaintiffs' petition, with prejudice. On appeal, this court reversed, finding that, "In the instant case there is an issue of material fact which could affect the outcome of the case. Spalitta asserts that the note was given to him for collection, whereas Charbonnet argues that it was given to Spalitta for `safekeeping'." Charbonnet v. Spalitta, 96-984 (La.App. 5 Cir. 3/25/97), 692 So.2d 52 (Not Designated for Publication). Thus the court noted that there was a material issue of fact remaining to determine whether this cause of action arose in contract or in tort.
Trial on the merits was held on May 7, 1998. At the close of trial, defendant reurged his exception of prescription, which was again denied by the trial court. On August 27, 1998, the trial judge rendered judgment ordering defendant Spalitta to pay to plaintiff Charbonnet $5,000.00 plus interest from date of judicial demand. No relief was granted to plaintiff Hof. In his judgment, the trial judge stated that:
I find it more credible than not that the defendant, Frank Spalitta, "held" a note to which he was not a party, but merely a witness, because he was acting as an agent for collection for the two plaintiffs, who in turn allowed him to collect on the note and failed to hire attorney Recile to collect on the note. Further, the defendant, as an experienced and reasonable businessman, acting as a collection agent for Hof and Charbonnet, should have protected himself by obtaining some proof of payment or receipt indicating payment to the partnership. In the absence of any proof of payment on his part, I would find him liable to the partnership for the *1158 entire amount; however, in assessing the relative credibility of the parties, I find Mr. Spalitta's testimony more credible than Mr. Hof's. Accordingly, I find that Mr. Spalitta collected on behalf of the partnership, but was remiss in failing to obtain a release from both parties for the payment. Accordingly, I order that Mr. Spalitta pay $5,000.00 to Mr. Charbonnet, with interest from date of judicial demand.
Spalitta has appealed from the ruling of the trial judge. First he alleges that the trial court erred in finding him liable to one partner, when the trial court found that he paid the partnership by giving the money to the other partner. Second, he alleges that the trial court erred in denying his exception of prescription. Because we find merit to appellant's second allegation, we need not address his first assignment of error.
The trial court found that Charbonnet and Hof gave the note to Spalitta for collection, and did not find that the note was deposited for safekeeping.[1] Whether the note was given for collection or whether it was deposited for safekeeping is a finding of fact, subject on appeal to the manifest error rule. We have reviewed the record in this matter, and find no abuse of discretion in the trial judge's findings.
It is Charbonnet's contention that Spalitta collected on the note, but failed to give the proceeds to the rightful owners, namely himself and Hof. Thus, from the evidence adduced at trial, the claim of Charbonnet (and Hof) was one for conversion, and not one for breach of contract of deposit.
A conversion consists of an act in derogation of the plaintiff's possessory rights, and any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time, is a conversion. Labbe v. Premier Bank, 618 So.2d 45, 46 (La.App. 3 Cir.1993). Although a defendant may have rightfully come into possession of another's goods, the subsequent refusal to surrender the goods to one who is entitled to them may constitute conversion.
Aymond v. State, Dept. of Revenue and Taxation, 951663 (La.App. 1 Cir. 4/4/96), 672 So.2d 273, 276.
The court found that the plaintiffs gave Spalitta the note, not for safekeeping, but for collection. The evidence established that Spalitta collected on the note in 1980, as the note was marked satisfied and the collateral mortgage securing the note was canceled in November of 1980. At that time, Spalitta was obligated to turn the funds over to plaintiffs, and any failure to do so would result in the tort of conversion.
The tort of conversion is governed by La. C.C. art. 3492, which sets forth a prescriptive period of one year for delictual actions. Prescription commences on the date the injured party discovers or should have discovered the facts that would entitle him to bring suit. Griffin v. Kinberger, 507 So.2d 821 (La.1987); Dixon v. Roque, 503 So.2d 659 (La.App. 3 Cir.1987).
In this case, Charbonnet testified that he spoke to Moore in the mid-1980s and was told that Spalitta had collected on the note. Moore recollected that this conversation happened in 1981. At that time, Charbonnet was put on notice of the facts that caused him to bring this suit, namely that Spalitta had collected the proceeds of the note, but had failed to turn over the funds to him. Regardless of whether Moore's statement that he talked to Charbonnet in 1981, or Charbonnet's statement that he talked to Moore in the mid-1980s, is correct, this suit which was filed in 1992, was well outside of the one year prescriptive period. Accordingly, we find that plaintiffs' cause of action has prescribed.
*1159 For the above discussed reasons, the judgment of the trial court is reversed and the suit is dismissed. All costs are assessed against plaintiffs.
REVERSED AND RENDERED.
NOTES
[1] La. C.C. art. 2926 defines deposit as, "A deposit, in general is an act by which a person receives the property of another, binding himself to preserve it and return it in kind."