United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 11, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-30379
Summary Calendar

———————————

BENJAMIN L. CRAVEN, on Behalf of Himself, Individually, and on
Behalf of All Those Similarly Situated,

Plaintiff-Appellant,

versus

CANAL BARGE COMPANY, INC.,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CV-536-K
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Benjamin Craven (Craven) appeals a partial summary judgment

under FED. R. CIV. P. 54(b) dismissing Louisiana law claims

pertaining to the "Accumulated Time Off" (ATO) pay system used by

Canal Barge Company (Canal). On his own behalf, Craven alleged

violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et

seq. (FLSA). On behalf of a proposed class of past and present

Canal employees, he alleged losses due to Canal's ATO system.

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Under Canal's ATO plan, an employee may work for 30 days and be off for 15 or 30 days, but part of his pay is deferred so that he is paid during the time he is not working. Craven contends that the district court erred by concluding that Canal's ATO plan was not illegal on its face as matter of law. Craven's claim rests on the proposition that he was entitled to interest on deferred wages or that the wages should not have been deferred. He cites to no authority, and this court has found none, requiring that wages for persons in his occupation must be paid within any particular time or that interest is due on deferred wages. The only statute applicable to Craven concerns the payment of wages after termination, an issue addressed below. See LA. REV. STAT. ANN. § 23:631.

The legality of deferred wage plans analogous to Canal's has not been directly addressed but no case discussing such systems has declared them illegal. See Morel v. Sabine Towing & Transp. Co., 669 F.2d 345, 347 (5th Cir. 1982) (noting that an accumulated paid leave plan is a well-recognized method of deferred wage payment) (citing Shaw v. Ohio River Co., 526 F.2d 193, 199 (3d Cir. 1975)); Lipscomb v. Foss Maritime Co., 83 F.3d 1106, 1109-10 (9th Cir. 1996) ("ATO . . . is a way of deferring wages so that the seaman receives compensation during the time he is not on board ship."); cf. also Thomas-Young v. Allen Parish School Bd., 780 So. 2d 1273, 1278 (La. Ct. App. 2001) (noting that "teachers are employed on a nine-month basis, although their

salaries are divided and paid out over twelve months" and that "the teachers have no choice in the manner in which they receive their salaries"); Brounette v. East Baton Rouge Parish School Bd., 610 So. 2d 979, 980 (La. Ct. App. 1992) (noting that parish school employees were classified as annual salaried employees with the option of having their pay deferred over twelve months). Without deciding whether or under what circumstances a deferral of wages might be unlawful, we conclude that Craven fails to show that Canal's ATO plan is illegal on its face as a matter of law.

Craven contends that there are contested issues of material fact with respect to his state-law claims of "conversion," "alienation of a thing not owed [sic]," "enrichment without cause," and "breach of duty of performance and standard of care" (collectively "ATO claims"), in addition to the statutory claim for late payment. Specifically, Craven argues that there are genuine issues of facts as to whether he consented to participation in the ATO system and whether he had was deprived of access to the funds.

The district court determined that Craven had presented no summary-judgment evidence to show that he or other Canal employees did not consent to participation in the ATO pay plan. Canal provided uncontested evidence that it explained the ATO system to Craven and its other new employees, that Canal provides employees with monthly print-outs of their ATO balances, and that Craven acknowledged that he had been informed of the ATO system

and had no objections to it. It is also uncontested that, in lieu of deferred payment, Craven withdrew ATO funds several times while employed by Canal. Craven declares that he had incomplete knowledge of the ATO system, but he does not explain how this allegedly limited knowledge was material to his consent. His conclusional allegations and improbable inferences are insufficient to create a genuinely contested issue of fact as to consent. See Michaels v. Avitech, Inc., 202 F.3d 746, 754-55 (5th Cir. 2000).

The district court similarly rejected Craven's contention of restricted access to ATO funds. Canal presented unchallenged documentary evidence showing that Craven had withdrawn ATO funds several times. Canal's vice president testified by affidavit that employees have unlimited access to deferred funds and can even withdraw funds that they have not yet earned. Craven offered only conclusional statements that he and other employees did not have unrestricted access to the deferred funds. He specifically alleged only a single instance in which another employee's access to funds was temporarily restricted. This is insufficient to create a genuinely contested issue of fact to defeat summary judgment. See Michaels, 202 F.3d at 754-55 (conclusional allegation, improbable inference, or "mere scintilla" of evidence insufficient to defeat summary judgment).

Craven's consent and his access to ATO funds are each fatal to his conversion claim. Based on the substance of Craven's

allegations, we treat the "alienation of a thing not owed" claim as merely a duplication of the conversion claim.  A Louisiana civil-law action for conversion is a tort action "grounded on the unlawful interference with the ownership or possession of a movable."  Dual Drilling Co. v. Mills Equipment Investments, Inc., 721 So. 2d 853, 857 (La. 1998).  Craven did not carry his burden of showing lack of consent with respect to the claim.  See Landry v. Bellanger, 851 So. 2d 943, 954 (La. 2003) (tort plaintiff's burden of showing no consent).  Further, Craven's access to his funds shows that Canal did not interfere with his ownership or possession of the funds.  See Dual Drilling, 721 So. 2d at 857.

In addition, the conversion claim is untimely, having been filed almost a year after the one-year prescriptive period expired.  See LA. CIV. CODE ANN. ART. 3492; Charbonnet v. Spalitta, 747 So. 2d 1155, 1158 (La. Ct. App. 1999).  Craven's vague and unsupported assertion that he was not aware of the conversion for "approximately one year" does not carry his burden of rebutting the facial showing of prescription by "clear, specific and positive" evidence.  See Lake Providence Equipment Co. v. Tallulah Production Credit Ass'n, 241 So. 2d 506, 508-09 (La. 1970).

Craven's consent and his access to ATO funds are each also fatal to his claim that Canal was enriched without cause by the deferral of wage payments.  "A person who has been enriched

without cause at the expense of another person is bound to compensate that person." LA. CIV. CODE ART. 2298. The action for unjust enrichment rests on equitable principles in the absence of an available contractual or other legal remedy. See Minyard v. Curtis Products, Inc., 205 So. 2d 422, 426-27, 431-33 (1967). A plaintiff must prove (1) enrichment; (2) impoverishment; (3) a connection between the two; and (4) an absence of justification. Id. at 432. The plaintiff must have no other remedy available at law. Id. at 432-33.

Craven's access to his funds shows that he was not impoverished, and his consent to contract with Canal for labor in exchange for ATO wages obviates the quasi-contractual remedy of unjust enrichment. See Marple v. Kurzweg, 902 F.2d 397, 401 (5th Cir. 1990) (noting that the remedy of unjust enrichment may not supplant a contract); Morphy, Makofsky & Masson, Inc. v. Canal Place 2000, 538 So. 2d 569, 573 (La. 1989) (contract may rest on implied consent to contract); see also Charrier v. Bell, 496 So. 2d 601, 606-07 (La. Ct. App. 1986) (no claim for unjust enrichment where plaintiff acted "knowingly and at his own risk"). Summary judgment was proper on this claim.

Craven alleged that Canal breached a duty of care to maintain its employees' "earned wages with prudence and diligence." However, Craven cites to no evidence or specific factual allegation to show that any implied or express agency relationship was created. Further, he offers no evidence or

legal authority to show that any particular standard of care was breached.  Craven presents no genuinely contested issue of material fact relevant to the unjust-enrichment claim.

Craven alleged that Canal failed to pay all of the final wages due him within 15 days of the end of his employment.  To the extent this claim is not a part of the disputed FLSA overtime claim, the only unpaid wage remaining in Craven's ATO account was one cent.  De minimis non curat lex instructs that there is no reasonable basis for going to trial for one cent in late-paid wages.  See United States v. Wilkes, 946 F.2d 1143, 1152 (5th Cir. 1991).  Summary judgment was proper on this claim.

The judgment of the district court is

AFFIRMED.