**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-30632
Conference Calendar

JAMES W GLEASON

Plaintiff-Appellant

v.

GUFFEY PATTISON; SABINE PARISH; Warden DILLARD

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-CV-194

Before JONES, Chief Judge, and JOLLY and ELROD, Circuit Judges.

PER CURIAM:[*]

James W. Gleason, Louisiana prisoner # 452467, appeals the dismissal as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) of his time-barred 42 U.S.C. § 1983 complaint. We review the district court's dismissal for abuse of discretion. *See Gonzales v. Wyatt,* 157 F.3d 1016, 1019-20 (5th Cir. 1998).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No specified federal statute of limitations exists for § 1983 actions; therefore, federal courts borrow the forum state's personal injury limitations period. *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992). Louisiana Civil Code article 3492's one-year prescriptive period applies to § 1983 actions. *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989). Gleason argues pursuant to *Hardin v. Straub*, 490 U.S. 536 (1989), that the one-year statute of limitations should be tolled until he is released from custody.

*Hardin* held that a federal court applying a state statute of limitations to an inmate's federal civil rights action should give effect to the state's statutory provision tolling the limitations period for prisoners. 490 U.S. at 542-44. Louisiana, however, does not have a statute to that effect. *Lambert v. Toups*, 745 So. 2d 730, 733 (La. Ct. App. 1999)*; Hampton v. Kroger, Co.*, 658 So. 2d 209, 211 (La. Ct. App. 1995). Gleason has therefore not shown the district court's time-bar determination to have been an abuse of discretion.

Gleason's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). It is therefore dismissed. *See* 5TH CIR. R. 42.2. The district court's dismissal and the dismissal of his appeal count as two strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Gleason is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is in imminent danger of serious physical injury." § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.