**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 24, 2009

Charles R. Fulbruge III
Clerk

No. 09-30076
Summary Calendar

HENRY JAMES

Plaintiff - Appellant

v.

SERGEANT RICHARDSON; R DARIN DAVIS; JOHNNY R SMITH;
ROBERT Y HENDERSON; LINDA RAMSAY; RICHARD STALDER;
MASTER SERGEANT POUSSON; D GENE WILSON; BRYAN WILSON;
JOANN PESHOFF; MASTER SERGEANT BENNETT; DENNIS CLOUD;
SERGEANT CHAPELL; JIM ROGERS

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
No. 2:08-CV-646

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Former inmate Henry James appeals the dismissal of his 42 U.S.C. § 1983 lawsuit as barred by expiration of the applicable prescriptive period under Louisiana law. During the appeal, James filed a Motion for Leave to File a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Supplemental Brief. We grant that motion and consider the arguments raised in the supplemental brief. For the reasons that follow, we affirm the dismissal of James's complaint.

James was an inmate of the Louisiana Department of Corrections until May 18, 2007. During his incarceration, he filed at least four frivolous complaints *in forma pauperis* (IFP), bringing him within the three strikes penalty of 28 U.S.C. § 1915(g). Pursuant to that penalty, James is precluded from proceeding IFP "while incarcerated or detained in any facility . . . unless [he] is under imminent danger of serious physical injury." *Id*.; *see Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). He was first denied IFP status under § 1915(g) in a civil rights claim filed in 1999.

James filed this complaint against the Appellees on May 9, 2008, nearly one year after his release from prison. The complaint alleges civil rights violations occurring from 2003 up to November 7, 2005, the date when James received an adverse ruling at a prison disciplinary hearing. His appeal of that ruling was finally denied by prison officials on March 1, 2006. The district court granted James permission to proceed IFP, but it subsequently denied his motion under § 1915(d) for service of process on Appellees and dismissed the complaint *sua sponte*, finding it frivolous under § 1915(e)(2)(B). The court concluded that Louisiana's one-year prescriptive period for James's causes of action had ended, at the latest, on March 1, 2007, over one year before the complaint had been filed. James now appeals, arguing that his inability to proceed IFP while incarcerated caused his claims to be tolled from the time of their accrual to the date of his release from prison.

We review the district court's dismissal for abuse of discretion. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1019–20 (5th Cir. 1998). Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.

2002). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "District courts may dismiss claims . . . where 'it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations.'" *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (per curiam)). For actions brought under § 1983, federal courts look to the forum state's limitations period for personal injury suits. *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992).

Under Louisiana law, the applicable prescriptive period (the civil law analogue to a common law limitations period) is one year. LA. CIV. CODE ANN. art. 3492; *see Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989) (applying article 3492 to § 1983 actions). A cause of action under § 1983 accrues when "the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987). Although federal courts applying state statutes of limitations for civil rights actions by prisoners must give effect to statutes tolling the limitations period on account of incarceration, *Hardin v. Straub*, 490 U.S. 536, 542–44 (1989), Louisiana has no such tolling statute, *see Lambert v. Toups*, 745 So. 2d 730, 733 (La. Ct. App. 1999) (citing *Hampton v. Kroger Co.*, 658 So. 2d 209, 211 (La. Ct. App. 1995)).

The district court did not abuse its discretion in finding James's complaint barred by the expiration of the one-year prescriptive period. The causes of action asserted in James's complaint were not tolled merely as a result of James being a prisoner. Nor did the three strikes penalty of § 1915(d) prevent James from filing a complaint in either federal or state court; it merely revoked James's privilege to proceed IFP and required him to pay the appropriate filing fees. *See Adepegba*, 103 F.3d at 387 ("Prisoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee.").

James failed to do so; the prescriptive period for his current causes of action accordingly expired before he filed the complaint on May 7, 2008. Because the prescriptive period for James's claims had expired before he filed his complaint, the district court did not abuse its discretion in finding that the complaint lacked an arguable basis either in law or in fact and dismissing it as frivolous.

James's Motion for Leave to File a Supplemental Brief is GRANTED. The judgment of the district court is AFFIRMED.