Richard ARSENAUX, Plaintiff-Appellant,

v.

Henry J. ROBERTS, Jr., et al., Defendants-Appellees.

No. 81–3812
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 4, 1982.

Frank Sloan, New Orleans, La., for plaintiff-appellant.

Kendall L. Vick, Eavelyn T. Brooks, Patricia Nalley Bowers, Asst. Attys. Gen., La. Dept. of Justice, New Orleans, La., for Roberts.

Lemle, Kelleher, Kohlmeyer & Matthews, H. Martin Hunley, Jr., C. William Bradley, Jr., Joel P. Loeffelholz, New Orleans, La., for Jacobs.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge.

A suitor who lost a domestic relations action in state court seeks redress in a claim for damages against the state trial judge and his wife's lawyer on the basis that they violated his civil rights by conspiring to decide the suit in favor of his wife in advance of the trial. The complaint for the second battle is founded on 42 U.S.C. § 1983. The district judge dismissed the complaint for failure to state a claim on which relief could be granted. He reasoned that the judge was protected by judicial immunity. The conspiracy allegations against the lawyer were but conclusory and Arsenaux was not able (or not willing), upon being given the opportunity, to amend his complaint to make the allegations specific. Finding the dismissal justified, we affirm.

Arsenaux contends that the state trial judge improperly excluded evidence, conspired with his wife's lawyer to predetermine the outcome of the case, and awarded Mrs. Arsenaux a divorce without requiring her to make a prima facie case. He also contends that the judgment was corrected to award his wife separation after improper communication between her lawyer and the state judge, and that costs were assessed against him in violation of the law.

■ "[I]t is well settled," as we stated in *Rheuark v. Shaw,* 628 F.2d 297, 304 (5th Cir.1980), *cert. denied,* 450 U.S. 931, 101 S.Ct. 1392, 67 L.Ed.2d 365 (1981), that a "judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman,* 435 U.S. 349, 359, 98 S.Ct. 1099 [1106], 55 L.Ed.2d 331 (1978). Moreover, a judge cannot "be deprived of immunity because the action [or inaction] he took [or did not take] was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in 'clear absence of all jurisdiction';" *Id.* at 356–57, 98 S.Ct. at 1105.

This immunity from § 1983 suits protects the judge against liability for all but non-judicial acts. In determining whether a particular act is judicial, two factors must be considered, "(1) 'whether it is a function normally performed by a judge,' and (2) 'whether [the parties] dealt with the judge in his judicial capacity.'" *Id.* at 304–05, *quoting Stump,* 435 U.S. at 362, 98 S.Ct. at 1107, 55 L.Ed.2d at 342.

■ To support his charge against the judge for conspiracy with Mrs. Arsenaux's lawyer to determine the outcome of the case, Arsenaux contends that the judge improperly excluded evidence; awarded a divorce based upon abandonment on insufficient evidence, amended the judgment ex parte to an award of separation after improper communications between the defendants; awarded child custody and increased child support on insufficient evidence; and awarded costs to his wife in violation of the law. Arsenaux's counsel at the hearing admitted, as was indeed evident, that all of these contentions related to alleged errors made by the judge in his judicial role. He could offer no evidence tending to show in any way that there was an improper agreement with Mrs. Arsenaux's counsel in advance. In *Rankin v. Howard,* 633 F.2d 844, 850 (9th Cir.1980), *cert. denied,* 451 U.S. 939, 101 S.Ct. 2020, 68 L.Ed.2d 326 (1981), relied upon by Arsenaux, Rankin's allegations raised material issues of fact concerning an improper prior agreement. The general charges here are conclusory, and no specific allegation of

facts tending to show a prior agreement has been made. There was no error, therefore, in the finding that the judge was entitled to immunity. *See Aldabe v. Aldabe,* 616 F.2d 1089, 1091 (9th Cir.1980).

Arsenaux next contends that the district court erred in ruling that the immunity of a judge under 42 U.S.C. § 1983 extends to a private citizen coconspirator. Such a ruling indeed would be error, but the trial judge did not base his ruling on that mistaken notion. Instead he found:

"... *in addition to my decision that the Judge was entitled to judicial immunity, which, of course, the attorney is not,* the Court has based that decision [granting the lawyer's motion] in large part upon the inadequacy of pleadings. There could, of course, I think, be a possibility of a complaint against the Judge which would vitiate judicial immunity if some outside conspiracy were shown. The dialogue that I've had with counsel indicates to me that counsel could not make such allegations in good faith as required by Rule 11 at this time, based upon counsel's responses to my questions.

Since that could not be done against the Judge, I'm satisfied that it likewise could not be done against the attorney.

█ A conspiracy cannot be divined from allegations of trial errors, the ex parte amendment of the complaint after improper communications, and the assessment of court costs. To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act. *Crowe v. Lucas,* 595 F.2d 985, 993 (5th Cir.1979). The conspiracy allegations made by Arsenaux are conclusory, and more than a blanket of accusation is necessary to support a § 1983 claim. *Aldabe v. Aldabe,* 616 F.2d at 1092; *Slotnick v. Staviskey,* 560 F.2d 31, 33 (1st Cir.1977). *See also Cole v. Gray,* 638 F.2d 804, 811 (5th Cir.), *cert. denied,* 454 U.S. 838, 102 S.Ct. 144, 70 L.Ed.2d 120 (1981); *Newbold v. United States Postal Service,* 614 F.2d 46, 47 (5th Cir.) (per curiam), *cert. denied,* 449 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101 (1980).

█ The district court gave Arsenaux an opportunity to amend his complaint, but he elected to stand on his pleadings with respect to Mrs. Arsenaux's lawyer. The following discussion took place at the hearing on the motions to dismiss:

THE COURT:

Now we turn to the suit against the attorney here. You are faced immediately with the first contention that you have not made sufficient allegations of conspiracy against him to satisfy the requirements of federal rules.

Now, do you have anything additional to say there, other than the fact that he acted as an advocate in trying to get the Judge to do these things about which you have complained on the Judge?

BY MR. SLOAN [attorney for Arsenaux]:

My position is as stated. I think I've pled sufficiently.

Arsenaux has failed to state any factual basis to support the charge that his wife's lawyer conspired with the state trial judge. Mere conclusory allegations of conspiracy cannot, absent reference to material facts, survive a motion to dismiss. *Slotnick v. Staviskey,* 560 F.2d at 33. In response to a request for a more definitive statement of the conspiracy, Arsenaux filed nothing. Nor did he amend his complaint as the judge would have allowed. He elected to rely on an insufficient charge.

For these reasons, the judgment is AFFIRMED.