Michael R. SCHEBEL, Plaintiff,

v.

CHARLOTTE COUNTY, Defendant.

No. 92–277–CIV–FTM–17.

United States District Court,
M.D. Florida,
Fort Myers Division.

Oct. 5, 1993.

**890**

Michael R. Schebel, pro se.

Jeffrey D. Kottkamp, Henderson, Franklin, Starnes & Holt, P.A., Ft. Myers, FL, for defendant.

## ORDER ON DEFENDANT'S MOTION TO STRIKE AND MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's motion filed March 10, 1993, to dismiss Plaintiff's amended complaint, and Plaintiff's response thereto filed on March 17, 1993. (Dkt. 18 & 19) This order also addresses Defendant's motion to strike Plaintiff's second amended complaint filed on June 14, 1993. (Dkt. 22) This Court will address the motion to strike first, due to the fact that the resolution of that matter is determinative of the Defendant's pending motion to dismiss.

This Court discusses only so much of the background of this case as is necessary to provide context and support for its decision. To wit, Plaintiff, proceeding *pro se in forma pauperis,* filed the original complaint on September 2, 1992. (Dkt. 1) Defendant subsequently made a motion to dismiss the original complaint on December 23, 1992, (Dkt. 12) after having been granted an extension of time by this Court. In apparent response to the motion, Plaintiff filed what he titled "Amendment to Complaint" on January 29, 1993. (Dkt. 15) This Court *sua sponte* granted leave to allow the amended complaint thereby denying Defendant's motion to dismiss as moot. (Dkt. 16)

Subsequently, Defendant filed its motion on March 10, 1993, to dismiss Plaintiff's amended complaint, citing lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim for which relief can be granted. (Dkt. 18) Plaintiff filed a response to that motion (Dkt. 19) and then filed what is presumed to be a second amended complaint, again without leave of court. (Dkt. 20) This second amended complaint included an additional defendant and did not fully incorporate allegations from the previously filed complaint and amended complaint. On June 14, 1993, Defendant filed a motion to strike Plaintiff's most recently filed complaint.

## THE MOTION TO STRIKE

This Court has given *pro se* Plaintiff's complaint the indulgent reading it deserves, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); yet, nonetheless finds the trilogy of filed complaints to be lacking in the necessary degree of cohesiveness and clarity. In the best interest of all parties, therefore, this Court has decided to strike Plaintiff's last amended complaint, which was filed without leave of court as required by Rule 15(a) of the Federal Rules of Civil Procedure, and orders Plaintiff to file a new pleading titled "second amended complaint". This complaint shall comply with all federal and local rules on pleading.

This Court strenuously encourages Plaintiff to obtain legal counsel to assist in the drafting of his amended complaint; however, should he continue to proceed *pro se,* he is directed to draft his amended complaint with the assistance of a civil rights complaint form.

The amended complaint must include all of Plaintiff's claims in this action pursuant to Local Rule 4.01. It should not refer to the original complaint but rather should incorporate every claim and necessary allegation; piecemeal pleadings are inappropriate and unacceptable.

Plaintiff must name as Defendants those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form. Further, Plaintiff should write their full names in the appropriate sections of the complaint form.

■ In the section entitled "Statement of Claim," Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated. It is improper for Plaintiff to merely list constitutional rights or federal rights to assert jurisdiction. Plaintiff must also provide support in the "Statement of Facts" for the claimed violations. To do so, Plaintiff should clearly describe *how each named Defendant* is involved in the alleged constitutional violation(s). Plaintiff should note that in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. *Fullman v. Graddick,* 739 F.2d 553, 556–57 (11th Cir. 1984); *Arsenaux v. Roberts,* 726 F.2d 1022, 1024 (5th Cir.1982).

■ Plaintiff should be aware that *respondeat superior,* without more, does not provide a basis for recovery under section 1983. *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981); *Harvey v. Harvey,* 949 F.2d 1127, 1129 (11th Cir.1992) (citing *Monell v. Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); *Greason v. Kemp,* 891 F.2d 829, 836 (11th Cir.1990). *See Collins v. City of Harker Heights,* —— U.S. ——, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); *Pacific Mutual Life Insurance v. Haslip,* 499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991); *Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).

■ Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the Defendant named and the injury allegedly sustained. *Rivas v. Freeman,* 940 F.2d 1491, 1495 (11th Cir. 1991); *Zatler v. Wainwright,* 802 F.2d 397, 401 (11th Cir.1986) (per curiam). One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional right(s) or directed such action and/or omission that resulted in such deprivation.

■ Finally, Plaintiff must show how he has been damaged, i.e., how he was harmed or injured by the actions and/or omissions of the Defendants.

With the above information in mind, Plaintiff should complete the civil rights complaint form and submit it to the Clerk of this Court with a copy for each Defendant. Plaintiff must also submit a completed summons and marshal's form (Form 285) *for each Defendant* along with the new complaint. The name(s) and address(es) of Defendant(s) must be indicated in the appropriate spaces on the forms. Plaintiff shall fill in "20" as the number of days allowed to answer.

Plaintiff's failure to file the second amended complaint and the completed summons within thirty (30) days of the date of this order will result in the *dismissal* of this action, without further notice, and without prejudice, for Plaintiff's failure to prosecute under Rule 3.10 of the Local Rules of the Middle District of Florida.

### THE MOTION TO DISMISS

In light of the foregoing order, Defendant's motion to dismiss is rendered moot and thereby denied. Should Plaintiff fail to satisfy federal and local pleading requirements in submitting the above ordered second amended complaint, Defendant is, of course, entitled to file the appropriate motion at that time.

Accordingly, it is

**ORDERED** that Defendant's motion to strike be **GRANTED** and Plaintiff **ORDERED** to file a second amended complaint pursuant to the above stated directives. The Clerk is directed to send Plaintiff a copy of the civil rights complaint form, summons and marshal's forms. In response to Defendant's motion to dismiss, it is **ORDERED** that such motion is **DENIED** as moot.

**DONE and ORDERED.**