United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 13, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30362
Summary Calendar

EUCKLE LEE HUNTER,

Plaintiff-Appellant,

versus

CITY OF MONROE; ET. AL.,

Defendants,

JOE STEWART, Individually and as Chief of Police;
JIMMY FRIED; MIKE ROWLAND; MICHAEL CALLOWAY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:01-CV-642
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Euckle Lee Hunter appeals the district court's grant of summary judgment in favor of Chief Joe Stewart, Lieutenant Jimmy Fried, Detective Mike Rowland, and Detective Michael Calloway (hereinafter, "defendants") and the dismissal with prejudice of his false arrest, false imprisonment, and malicious prosecution claims against the defendants in their individual capacities. We do not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consider Hunter's argument that the district court erred in striking his opposition to the defendants' summary judgment motion from the record. We assume for purposes of this appeal that Hunter's opposition was considered by the district court.

After conducting a de novo review of the record, we conclude that there was probable cause to arrest Hunter. Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003); Sorenson v. Ferrie, 134 F.3d 325, 328 (5th Cir. 1998); see also LA. REV. STAT. ANN. §§ 14:24 (West 1997), 14:134 (West 2004), 40:979 (West 2001). Because Hunter concedes he did not immediately report the incident at the bus station and given the facts surrounding his other meetings with the confidential informant, he has not shown that his phone call to Lieutenant Fried negated Detective Rowland's conclusion that there was probable cause to arrest him for being a principal to a drug deal and for malfeasance in office.

The fact that Hunter did not follow the confidential informant to the informant's place of business after the informant picked up the package at the bus station was apparent from Detective Rowland's affidavit in support of the state warrant. In addition, contrary to Hunter's argument, our determination on direct appeal that the evidence did not prove beyond a reasonable doubt that Hunter was guilty of attempted possession with intent to distribute cocaine did not equate to a determination that there was no probable cause for an arrest on such a charge. See United States v. Hunter, No. 99-30091 (5th Cir. Dec. 13, 1999). Accordingly, we

affirm the district court's dismissal of Hunter's false arrest and false imprisonment claims.

We have held that a claim of malicious prosecution standing alone does not violate the United States Constitution. Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir.2003) (en banc). The district court's dismissal of Hunter's malicious prosecution claim is therefore also affirmed. Hunter's conspiracy claim fails because he has not shown an actual violation of his rights or an agreement by the defendants to commit an illegal act. See Arsenaux v. Roberts, 726 F.2d 1022, 1024 (5th Cir. 1982).

AFFIRMED.