# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 14, 2007

Charles R. Fulbruge III
Clerk

No. 05-10508
Summary Calendar

CARLOS M MORELAND

Plaintiff-Appellant

v.

JULIE ROSCKO; NFN WILKENS; NFN DURAN; R DUFFY; NFN HAMILTON, Lieutenant; H WESTON; A EDDLEMAN; JOHN DOE; TEXAS DEPARTMENT OF CRIMINAL JUSTICE - CORRECTIONAL INSTITUTIONS DIVISION

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:03-CV-10

Before JONES, Chief Judge, REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

Proceeding in forma pauperis (IFP), Carlos M. Moreland, Texas prisoner # 626567, filed the instant 42 U.S.C. § 1983 complaint. Moreland named as defendants nurse Julie Roscko, nurse Wilkens, correctional officer Duran, R. Duffy, Lieutenant Hamilton, H. Weston, A. Eddleman, John Doe, and the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID). Moreland alleged that Roscko and Duran refused to give him a single dose of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

medication for high blood pressure on March 31, 2002, ultimately causing him to experience painful cardiac symptoms and undergo hospitalization for those symptoms. These acts, Moreland alleged, constituted deliberate indifference to his serious medical needs in violation of the Eighth Amendment. After he filed a grievance regarding the pill incident, Moreland alleged, he was subjected to harassment and retaliation in the form of a false disciplinary action. Moreland sought declaratory judgment, compensatory damages, and "special damages" for the retaliatory actions.

Even assuming that his hospital stay constituted a wanton and unnecessary infliction of pain under the Eighth Amendment, Moreland does not allege facts showing that any of the defendants had knowledge that Moreland would suffer such consequences if he missed one dose of his medication and that they, therefore, acted with deliberate indifference. See Wilson v. Seiter, 501 U.S. 294, 297 (1991); Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

Morleand's assertions that the nurses are not entitled to qualified immunity because they were performing a ministerial function are unavailing. See Gagne v. City of Galveston, 805 F.2d 558, 559-60 (5th Cir. 1986). The ministerial duty exception "is extremely narrow in scope." Gagne, 805 F.2d at 560. Moreland alleges no facts indicating that the law under which Roscko and Wilkens were acting specified such a narrow range of action as to render their pill dispensing ministerial. See Gagne, 805 F.2d at 560. Therefore, unless the nurses' conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known," the nurses are entitled to qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). If a plaintiff asserts the violation of a "clearly established constitutional right," then the court determines whether the defendant's conduct was "objectively reasonable in light of legal rules clearly established at the time of the incident." Siegert v. Gilley, 500 U.S. 226, 231-32, (1991); James v. City of Jackson, 203 F.3d 875, 879 (5th Cir. 2000) (citation and internal quotation marks omitted).

2

Moreland's sole assertion that a physician prescribed the medical treatment of the administration of a daily medication does not render objectively unreasonable the nurses' compliance with prison policy requiring that inmates be standing to receive their medication, with their cell lights on and their identification available. The district court did not err in its determination that the nurses were entitled to qualified immunity. See James, 203 F.3d at 879.

To the extent Moreland asserts prison officials conspired to retaliate for the medication-denial grievance by filing false disciplinary charges against him, Moreland asserted no facts showing that two or more co-conspirators planned or formed an agreement with one another to violate his rights, as is required to state a conspiracy claim. See Arsenaux v. Roberts, 726 F.2d 1022, 1024 (5th Cir. 1982). To the extent Moreland asserts only retaliation, he alleged no specific facts evidencing retaliatory intent on the part of Eddleman or other prison officials. See Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir.1999). Nor did he allege direct evidence or any chronology of events from which retaliation might be plausibly inferred. See id. at 325. To the extent Moreland urges a stand-alone claim of a false disciplinary charge, he has not shown a favorable termination to the disciplinary proceedings as is required by Woods v. Smith, 60 F.3d 1161, 1165 n.16 (5th Cir. 1995).

Moreland seeks the appointment of appellate counsel. The court is not required to appoint counsel for an indigent plaintiff on appeal from a denial of a § 1983 claim unless there exist exceptional circumstances warranting such an appointment. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982); Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1084 (5th Cir. 1991) (applying the standard from Ulmer, 691 F.2d at 212-13, in a motion for appointment of appellate counsel)). Moreland's suit may be fairly characterized as a dispute over a single refusal of a dose of medication and a subsequent disciplinary action. Moreover, the record shows that Moreland is able to present the factual bases of his claims and file motions for forms of relief to which he feels he is

entitled. Moreland's case does not present the exceptional circumstances necessary for appointment of counsel.

Moreland's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5TH CIR. R. 42.2. Moreland is cautioned that the dismissal of this appeal as frivolous, and the district court's dismissal of his complaint, count as strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). He is cautioned that if he accumulates three strikes under § 1915(g), he will be unable to proceed in forma pauperis (IFP) in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; MOTION DENIED; SANCTION WARNING ISSUED.