**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 17, 2013

No. 12-30971
Summary Calendar

Lyle W. Cayce
Clerk

LAGORDIAN BROWN,

Plaintiff-Appellant

v.

MICHAEL DOVE; VICTOR PINKNEY; CITY OF NATCHITOCHES,

Defendants-Appellees

Cons. w/ No. 12-30979

LAGORDIAN BROWN,

Plaintiff-Appellant

v.

ERIC HARRINGTON; DEE ANN HAWTHORNE; STUART WRIGHT; VAN H. KYZAR; DANNY HALL; BRETT BRUNSON; EDWARD COLBERT, JR.; 10TH JUDICIAL DISTRICT COURT,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-68
USDC No. 1:12-CV-69

No. 12-30971
c/w No. 12-30979

Before JONES, DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

La Gordian Brown appeals the dismissal, as frivolous, of two 42 U.S.C. § 1983 actions asserting claims that arose from Brown's arrest and incarceration in Natchitoches, Louisiana, starting in January 2010. Brown sued the City of Natchitoches, a Natchitoches policemen, the Natchitoches police chief, two state court judges, two state prosecutors and their investigator, two state public defenders, and Louisiana's Tenth Judicial District Court.

The state court judges are absolutely immune from liability for acts done in their judicial capacities. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Brown's blanket allegations and assertions of error do not allege any fact that would show that the judges' actions were taken outside of their judicial capacity. *See id.* at 11-12; *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982).

The state prosecutors and their investigator also enjoy absolute immunity for actions taken in the presentation of the state's case, from the professional evaluation of the evidence, to the initiation of the prosecution, and throughout the judicial process. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994). Brown's conclusory allegations of conspiracy and malicious prosecution do not pierce that immunity. *See Biggers*, 31 F.3d at 285; *Arsenaux*, 726 F.2d at 1024.

The public defenders cannot be sued under § 1983 because they were not acting under color of state law. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981). Although private parties can act under color of state law if they corruptly conspire with a judge, Brown's assertion of a conspiracy involving his appointed lawyers is not based on any

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30971
c/w No. 12-30979

factual allegation that might tend to show such a conspiracy. *See Dennis v. Sparks*, 449 U.S. 24, 28-29 (1980); *Arsenaux*, 726 F.2d at 1024.

As Brown acknowledges, his claim of false arrest and imprisonment is facially untimely. *See Wallace v. Kato*, 549 U.S. 384, 387-90, 97 (2007). He nonetheless argues that the district court failed to apply state law suspending the limitation period. Louisiana law does not afford tolling based simply on a plaintiff's incarceration. *See Lambert v. Toups*, 745 So. 2d 730, 733 (La. Ct. App. 1999). Nor may a prisoner escape the running of the limitation period "based merely upon his inability to attend to his affairs because of his personal illness" unless that illness arises from the fault of the defendant or unless the plaintiff has been interdicted due to mental incompetence. *Corsey v. State, Through Dept. of Corrections*, 375 So. 2d 1319, 1323 (La. 1979). Brown has failed to allege any fact that would show he was entitled to the tolling of the limitation period. *See Arsenaux*, 726 F.2d at 1024; *Corsey*, 375 So. 2d at 1323.

Any claims Brown has merely mentioned in his brief or omitted entirely are waived because he provides no analysis of them, and because he may not make arguments by adopting previous filings. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

The judgments of the district court dismissing his actions as frivolous are AFFIRMED. Brown is WARNED that further frivolous litigation will result in the imposition of monetary sanctions and limits on his access to federal courts.