# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-20269
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2014

Lyle W. Cayce
Clerk

————

CARLOS C. HERNANDEZ,

Plaintiff-Appellant

v.

J. HOUSTON, Police Officer; BRENDON DRAKE, Jailer, Badge #180; SERGEANT DRAKE, Police Officer; MS. BRADY DAVIDSON, Assistant District Attorney; MR. TRAVIS KOEHN, Chief District Attorney; MR. STEPHEN LONGORIA, Public Defender; MELTON WRIGHT, Sheriff, Fort Bend County Jail; CAPTAIN L. ROWLAND; R. DEWAYNE BURGER, Sheriff, Austin County Jail; RICHARD HOLLOMAN, Chief Deputy; JOE DOE; JOHN DOE, Investigator for Austin County Jail; CHIEF STEVE STOKELY, Police Officer,

Defendants-Appellees

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-2986

————

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20269

Carlos C. Hernandez, Texas prisoner # 747746, appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim.  We review de novo.  *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Hernandez first argues that the district court abused its discretion in dismissing his complaint without first affording him leave to amend.  Hernandez, however, filed a more definite statement, and the record discloses that he was aware of his ability to amend his complaint.  Moreover, Hernandez has made no showing, other than via conclusional allegations, how an amendment to his complaint would have cured the deficiencies found by the district court.  *Cf. Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994) (finding dismissal an abuse of discretion where with "further factual development and specificity [the plaintiff's] allegations may [have] pass[ed] section 1915(d) muster").  Hernandez has therefore shown no abuse of discretion on the part of the district court in this regard.

As for Hernandez's constitutional claims, the complaint raised allegations of excessive force in connection with Hernandez's arrest for aggravated assault of a family member and of a police conspiracy to cover up that alleged use of force.  With regard to the excessive force allegations, Hernandez contends that his evidence supports his claim that Sgt. Steve Stokely was present at the scene and caused lacerations to his head.  He has adduced, for the first time on appeal, an excerpt of Sgt. Stokely's testimony at his criminal trial to establish that Stokely was at the scene of his arrest.  We may not, however, consider new evidence furnished for the first time on appeal.  *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n. 26 (5th Cir. 1999).

Nevertheless, the testimony does nothing to establish that Sgt. Stokely engaged in a use of excessive force that resulted in injury to Hernandez.  To prove his excessive force claim, Hernandez "must show: (1) an injury (2) which

resulted from the use of force that was clearly excessive to the need and (3) the excessiveness of which was objectively unreasonable." *Rockwell v. Brown*, 664 F.3d 985, 991 (5th Cir. 2011) (internal quotation marks and citation omitted). Hernandez has cited to nothing in his proffered evidence, including testimony, medical records, and photographs, that establishes his injury was the result of force that was excessive. He has therefore shown no error on the part of the district court in dismissing this claim.

Insofar as Hernandez claimed that there was a conspiracy on behalf of members of the police department to cover up the alleged use of force, he may prevail under § 1983 only by establishing the existence of a conspiracy and a deprivation of civil rights in furtherance of that conspiracy. *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995). Hernandez, however, has failed to state a factual basis for the alleged conspiracy, and his conclusional allegations are insufficient. *See Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). The district court therefore did not err in dismissing the police conspiracy claim. *See Geiger*, 404 F.3d at 373.

Hernandez's complaint also raised claims alleging inadequate medical treatment, deprivation of property, and a conspiracy on the part of defense counsel and the prosecutors; however, he has not raised them in his brief. They are therefore deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (concluding that a pro se appellant's failure to identify an error in the district court's analysis constituted a failure to appeal the ruling). In light of the preceding, Hernandez has shown no entitlement to appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212, 213 (5th Cir. 1982).

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.