# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2014

Lyle W. Cayce
Clerk

No. 14-60148
Summary Calendar

EDGAR PATTON,

Plaintiff-Appellant

v.

PHILLIP "PHIL" BRYANT; RANDAL THOMAS; MICHAEL "MIKE" HOWIE; JOSEPH H. LOPER, JR.; CHARLES MORGAN, III; AUSTIN VOLLOR; FRANK G. VOLLOR; CHARLES "DOUG" EVANS; KIMBERLY "KIM" MING; CAROLYN CRAWLEY MOORE; MICHAEL "MIKE" FULLER; MORRIS SWEAT; WILLIAM "BILL" WALLER, JR.; JIMMY "JIM" HOOD; CHRISTOPHER B. EPPS; THREE UNIDENTIFIED U.S. MARSHALS; DEFORREST "FORREST" ALLGOOD,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-cv-485

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Edgar Patton, formerly Mississippi prisoner # 165211, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants, in relation to his 2009 arrest and subsequent criminal convictions for (1)

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

obtaining a thing of value with the intent to defraud and (2) fraudulently using identifying information to obtain a thing of value, had violated his constitutional rights and miscalculated his sentence.  He appeals the district court's dismissal of his complaint under Federal Rule of Civil Procedure 12(b)(6).

Patton claims that the district court erred by dismissing his claims, which called into question the validity of his conviction and sentence, as barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  He argues, based on concurring and dissenting opinions in *Spencer v. Kemma*, 523 U.S. 1 (1998), that he should have been allowed to raise his claims in a § 1983 action because he is no longer in custody and has no habeas remedy available to challenge the validity of his convictions or sentences.  We have rejected that argument previously.  *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000).

Next, Patton challenges the dismissal of his claims with prejudice to the extent they were barred by judicial, prosecutorial, and qualified immunity.  He contends that the defendants were not entitled to immunity because they engaged in a private conspiracy against him.  Patton's conclusional allegations are insufficient to pierce any applicable immunity.  *See Arsenaux v. Roberts*, 726 F. 2d 1022, 1024 (5th Cir. 1982); *see also Holloway v. Walker*, 765 F.2d 517, 522 (5th Cir. 1985) (holding that allegations of conspiracy will not void immunity for judicial acts).

Finally, Patton contends that the district court erred in denying him leave to amend his complaint, but he failed to identify any new facts that would have affected the disposition of his claims.  Amendment is not required if it would be futile.  *Whitley v. Hanna*, 726 F.3d 631, 648 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1935 (2014).

AFFIRMED.