# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 10, 2019

Lyle W. Cayce
Clerk

No. 17-11268

ANTHONY MONTGOMERY,

      Plaintiff - Appellant

v.

RALPH WALTON, JR.; DAVID SUTHERLAND; BRUCE ESPIN; NIN HULETT; GAY JOHNSON; JOHNNY MILLER; KIMMYE LADINE BELL; ADAM WAYNE BRAMBLETT; JOSEPH JOHNSON,

      Defendants - Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CV-767

Before JOLLY, DENNIS, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Anthony Montgomery, Texas prisoner # 1248653 proceeding pro se and in forma pauperis, appeals the dismissal of his 42 U.S.C. § 1983 conspiracy claim. The district court dismissed his claims against the state actor defendants pursuant to 28 U.S.C. § 1915A for failure to state a claim and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11268

dismissed his claims against the private citizen defendants for lack of supplemental jurisdiction.

The district court's ruling was based on Montgomery's amended complaint. "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Thus, Montgomery's appeal is from the district court's dismissal of his amended complaint—the only document before us on this appeal.

In this amended complaint, Montgomery's allegations are muddled and, at best, very loosely tied together. He alleges that he worked as an informant for the "FBI/Homeland Security" to infiltrate organized crime in the Dallas area. At some point in 2003, his FBI handlers instructed him to engage Bruce Espin, who was then the Police Chief of Granbury, Texas, in an attempt to expose corruption among Hood County officials. "Sometime in 2015," Ralph Walton, Jr., a state district judge in Hood County, Texas, caught wind of the federal investigation and discovered Montgomery's role as an FBI informant. Walton shared Montgomery's identity with Espin and the two conspired to have him falsely arrested or killed by the criminal organizations he had infiltrated. Walton and Espin are alleged to have also elicited aid from three private citizens, whose connection with any of the parties is unclear from the face of the amended complaint. These private citizens allegedly placed incriminating evidence in Montgomery's car, leaked information about his status as an informant on the "Dark Web," directly informed the Aryan Brotherhood that he was an informant, and eventually drugged and raped him and posted the video on the internet.

Montgomery raises one issue on appeal: whether the district court abused its discretion in determining that he failed to state a conspiracy claim

2

under § 1983 against Judge Ralph Walton, Jr., former Police Chief Bruce Espin, Detective Gay Johnson, Deputy Johnny Miller, Kimmye Bell, Adam Bramblett, and Joseph Johnson.

We review the district court's dismissal of Montgomery's § 1983 conspiracy claim de novo, employing the same standard that we apply when reviewing the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011) (applying the plausibility standard of Rule 12(b)(6) to motion to dismiss under § 1915A and § 1915(e)(2)); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (employing de novo review for dismissals that refer to both 28 U.S.C. § 1915A and § 1915(e)(2)).

To establish a conspiracy claim under § 1983, the plaintiff must show that there was an agreement among the alleged co-conspirators to deprive him of his constitutional rights and that such an alleged deprivation actually occurred. *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994); *Estate of Farrar v. Cain*, 941 F.2d 1311, 1313 (5th Cir. 1991). Conclusory allegations that do not reference specific factual allegations tending to show an agreement do not suffice to state a civil rights conspiracy claim under § 1983. *See Arsenaux v. Roberts*, 726 F.2d 1022, 1023–24 (5th Cir. 1982). Although we accept well-pleaded facts as true and view them in the light most favorable to the plaintiff, a complaint "that offers labels and conclusions" or "naked assertion[s] devoid of further factual enhancement" is not plausible for purposes of Rule 12(b)(6). *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Therefore, to establish his conspiracy claim, Montgomery must plead specific, nonconclusory facts that establish that there was an agreement among the defendants to violate his federal civil rights. *See Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th

No. 17-11268

Cir. 2004) ("Allegations that are merely conclusory, without reference to specific facts, will not suffice" to establish a § 1983 conspiracy claim).

As noted above, Montgomery's amended complaint is disorganized and the facts are very loosely tied together. At points in this complaint, Montgomery alleges that the defendants "act[ed] in concert," "agree[d]" to plant contraband, and "elicited aid" from each other for the purpose of violating his civil rights. Most importantly, although he alleges there was an agreement—an agreement to kill or imprison him—these allegations are largely conclusory without any identification of time, date, or circumstance. *Cf. Jabary v. City of Allen*, 547 F. App'x 600, 611 (5th Cir. 2013) (holding that allegations that local officials "actively conspired with each other" and engaged in "several conversations, private meetings, and other communications" to deprive plaintiff of his civil rights were insufficient under Rule 12(b)(6) to state a § 1983 conspiracy claim). It would appear that Montgomery strives to allege an overarching conspiracy by persons associated for the purpose of setting him up for the criminal conduct that has landed him in prison. Yet, there is no claim that his present incarceration is unlawful. Furthermore, there is no alleged common motive between Espin and Walton, or among all of the defendants for that matter, except a vague and conclusory assertion that they "wanted [Montgomery] dead" or imprisoned because he was a threat to Espin. Finally, Montgomery pleads no specific facts regarding the connection between the public officials and private citizens or where or when the criminal conduct occurred. In short, the allegations are incomprehensible for purposes of stating a claim of conspiracy against the defendants to deprive him of any cognizable constitutional rights. *See Arsenaux*, 726 F.2d at 1023–24 ("The general charges here are conclusory, and no specific allegation of facts tending to show a prior agreement has been made.").

4

No. 17-11268

Accordingly, the district court's judgment is AFFIRMED.  Additionally, we inform Montgomery that the district court's dismissal for failure to state a claim and our affirmance count as one strike for purposes of 28 U.S.C. § 1915(g).  We warn Montgomery that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).  Finally, Montgomery's motion for the appointment of counsel is denied.