# United States Court of Appeals
# for the Fifth Circuit

─────────────

No. 22-40256
Summary Calendar

─────────────

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2023

Lyle W. Cayce
Clerk

Mark Schwarzer,

*Plaintiff—Appellant*,

*versus*

Clerk of Court Reba D. Squyres; Paul E. White; Robert K. Inselmann; Judge Olen Underwood; Chief Justice James T. Worthen; Justice Brian Hoyle; Greg Neeley; Angelina County,

*Defendants—Appellees*.

─────────────────────────────

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:22-CV-89

─────────────────────────────

Before Higginbotham, Graves, and Ho, *Circuit Judges.*

Per Curiam:[*]

Mark Schwarzer, Texas prisoner # 1433741, filed a 42 U.S.C. § 1983 civil rights complaint, alleging that eight defendants violated his constitutional rights of access to the courts and equal protection. On appeal,

─────────────────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40256

Schwarzer challenges the district court's dismissal of his claims against three state appellate court judges, pursuant to 28 U.S.C. § 1915A(b), for failure to state a claim upon which relief may be granted and for seeking monetary relief from immune defendants. Schwarzer also challenges the severance and transfer of his claims against the remaining five defendants to the Lufkin Division of the Eastern District of Texas.

Following a de novo review, *see Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998), we discern no error in the district court's dismissal of Schwarzer's claims for damages against the judges based on the doctrine of judicial immunity, *see Davis v. Tarrant Cnty.*, 565 F.3d 214, 222 (5th Cir. 2009); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Further, given Schwarzer's conclusory allegations that the defendants conspired against him, we discern no error in the district court's dismissal for failure to state a claim upon which relief may be granted. *See Arsenaux v. Roberts*, 726 F.2d 1022, 1023-24 (5th Cir. 1982). To the extent that Schwarzer challenges the validity of his conviction and seeks release from prison, his claims are not cognizable under § 1983. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Finally, it is unavailing for Schwarzer to suggest that he could pursue a class action with the assistance of legal counsel to vindicate the rights of other prisoners when the defendants were properly dismissed as immune.

As for the remaining five defendants, the district court did not abuse its discretion in ordering a severance and transfer to the Lufkin Division where the events forming the basis of the claims against these defendants took place. *See Def. Distributed v. Bruck*, 30 F.4th 414, 427, 433-36 (5th Cir. 2022); *see also Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

AFFIRMED.