# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 4, 2024

Lyle W. Cayce
Clerk

No. 23-60405
Summary Calendar
_____

Jacob Blair Scott,

*Plaintiff—Appellant*,

*versus*

Jackson County, Mississippi; Mark Maples; Matthew
Lott; Lott Law Firm, L.L.C.; Amanda Capers; Jamie
Marie Rouse,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:21-CV-318

_____

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Jacob Blair Scott filed a 42 U.S.C. § 1983 civil complaint against Jackson County, Mississippi; Chancellor Mark Maples; and private actors Matthew Lott, Amanda Capers, Jamie Rouse, and Lott Law Firm, L.L.C.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Scott appeals from the district court's dismissal of his pro se civil action against Chancellor Maples for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. He also challenges the district court's order granting summary judgment to the other defendants.

We review de novo dismissals under Federal Rule of Civil Procedure 12(b)(1) for want of subject matter jurisdiction. *Smith v. Hood*, 900 F.3d 180, 184 (5th Cir. 2018). Under the Eleventh Amendment, citizens may not sue their own state or another state in federal court unless the state has waived its sovereign immunity or the immunity has been expressly abrogated by Congress. *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). Mississippi has not waived its immunity nor has Congress taken it away. *See* ROA.380; Miss. Code Ann. § 11-46-5 (West 2024); *Quern v. Jordan*, 440 U.S. 332, 340 (1979). Accordingly, the district court properly dismissed the claims brought against Chancellor Maples in his official capacity. *See Smith*, 900 F.3d at 184.

We review de novo dismissals under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021). Judicial immunity provides absolute immunity from suits for damages. *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009). There are two circumstances, however, that prevent application of judicial immunity: (1) "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity" and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal quotation marks and citation omitted). The acts taken by Chancellor Maples satisfy all four of the relevant factors and were judicial in nature. *See id.* at 222. Insofar as Scott argues Chancellor Maples acted in the absence of all jurisdiction, "[w]here a court has some subject-matter jurisdiction, there is

sufficient jurisdiction for immunity purposes." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993). Under Mississippi state law, a chancery court has subject matter jurisdiction over divorce proceedings where one spouse is domiciled in Mississippi and chancellors have broad discretion to award alimony and divide marital assets. Miss. Code Ann. §§ 93-5-5, 93-5-23 (West 2024). Thus, Chancellor Maples had subject matter jurisdiction over the proceedings. Chancellors may also grant an ex parte motion for a temporary restraining order under Rule 65(b) of the Mississippi Rules of Civil Procedure, which permits emergency requests to be heard without notice if "it clearly appears from specific facts shown by affidavit . . . that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or his attorney can be heard in opposition." Miss. R. Civ. P. 65(b); *see Roberts v. Conner*, 332 So.3d 272, 283-84 (Miss. Ct. App. 2021). Thus, Chancellor Maples's judicial acts were not taken in absence of all jurisdiction. *See Davis*, 565 F.3d at 221. As for Scott's conclusory allegations that Chancellor Maples conspired with the private defendants and acted corruptly or in bad faith, such allegations are insufficient to overcome judicial immunity. *See Arsenaux v. Roberts*, 726 F.2d 1022, 1023-24 (5th Cir. 1982).

Scott also has not shown that the district court erred by dismissing Chancellor Maples from the suit prior to any discovery. *See Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009); *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007). Scott has not demonstrated the district court committed other procedural errors in its dismissal of Chancellor Maples from the suit.

We review "a summary judgment de novo, using the same standard as that employed by the district court." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). Scott argues that Jackson County can be held liable for violations of constitutional rights committed by their officers and, as an employer of Chancellor Maples, it is liable for acts committed by him. A

governmental entity or municipality may be held liable under § 1983 only if an official policy or custom caused a deprivation of the plaintiff's constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). The actions taken by Chancellor Maples for which Scott complains were taken in his judicial capacity, and thus he was not a policymaker for Jackson County. *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). Moreover, Scott has pointed to no official policy or custom of Jackson County that deprived him of any constitutional right. *Monell*, 436 U.S. at 694.

Next, private individuals typically are not considered state actors for purposes of § 1983; however, "a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors." *Ballard*, 413 F.3d at 518. Scott's disagreement with the final divorce decree does not show that there was any agreement between the private defendants and Chancellor Maples to act in concert with the specific intent to violate his constitutional rights. *See Arsenaux v. Roberts*, 726 F.2d 1022, 1023-24 (5th Cir. 1982). Therefore, the district court did not err in determining that Scott failed to allege sufficient facts to state a conspiracy claim under § 1983. *See Bevill v. Fletcher*, 26 F.4th 270, 274-75 (5th Cir. 2022). Scott has alleged numerous criminal violations against the private defendants, including fraud and theft; however, private citizens like Scott do not have a constitutional right to have an individual criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).

Finally, the district court did not abuse its wide discretion in declining to exercise supplemental jurisdiction over state law claims once all of Scott's federal claims were dismissed. *See Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 872 (5th Cir. 2016).

AFFIRMED.