# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-20033
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2024

Lyle W. Cayce
Clerk

Selena E. McDade; Kiarra A. Farwell; Spencer Farwell;
Ciarra S. Farwell; D'Andrea A. McDade Farwell,

*Plaintiffs—Appellants*,

*versus*

Fountains at Tidwell Limited; Issac Matthews; Hittig
Management Corporation; Walter Barry Kahn; Joshua
R. Flores; Bristalyn Daniels,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-2118

———————————————————————

Before Davis, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant, Spencer Farwell, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint on behalf of himself, his wife, Selena

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Mcdade, and children,[1] against the owners and managers of their apartment complex (the "Landlord Defendants"), Joshua Flores, the Landlord Defendants' private attorney in a prior state court proceeding (collectively, "Landlord and Attorney Defendants"), and Bristalyn Daniels, a clerk at the 165th Judicial District Court of Harris County, Texas ("165th JDC"). Farwell's operative complaint asserts a variety of claims against the above Defendants all stemming from a prior personal injury suit filed against the Landlord Defendants in the 165th JDC.[2] Specifically, Farwell asserts that the Landlord Defendants violated his family's right to a "safe and healthy environment" by subjecting them "to a cruel and unusual living condition." He further contends that in the state court proceedings, the Landlord Defendants' attorney fabricated evidence and the state clerk removed exhibits from the record. He alleges these actions were part of a conspiracy to deprive him and his family of due process.

The magistrate judge recommended the dismissal of Farwell's 42 U.S.C. § 1983 complaint under Federal Rule of Civil Procedure 12(b)(6). The magistrate judge concluded that Farwell failed to state a § 1983 claim against the Landlord and Attorney Defendants because they are not state actors and that his claims against Daniels were time-barred. The district

---

[1] Kiarra A. Farwell, Spencer Farwell, Ciarra S. Farwell, and D'Andrea A. Mcdade Farwell.

[2] Plaintiff-Appellant Selena Mcdade sued the Landlord Defendants alleging that mold in her apartment was making her sick. The trial court granted the Landlord Defendants' motion for summary judgment, and Texas's Fourteenth Court of Appeals affirmed the summary judgment award. *McDade v. Fountains at Tidwell, Ltd.*, No. 14-21-400-CV, 2022 WL 6602885 (Tex. App.—Houston [14th Dist.] Oct. 11, 2022, pet. denied). On appeal, the Landlord Defendants do not raise the argument that Farwell's claims against them are barred by *res judicata*.

court adopted the magistrate judge's reports and recommendations over Farwell's objections. Farwell filed a timely notice of appeal.

"We review de novo the district court's order on a motion to dismiss for failure to state a claim under Rule 12(b)(6)."[3] On appeal, Farwell does not challenge the district court's dismissal of his claims against the Landlord and Attorney Defendants on the basis that they are not state actors for purposes of a § 1983 action. However, Farwell's brief makes a passing allegation that Daniels, who is a state clerk, "enter[ed] into a conspiracy with the defendant" to violate Farwell's due process rights. Although we generally do not consider private individuals state actors for purposes of § 1983, "a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors."[4] Even liberally construing Farwell's assertion that Daniels conspired with an unnamed defendant, that conclusory allegation, unaccompanied by any reference to a factual allegation showing such an agreement, is insufficient to plausibly assert that the Landlord and Attorney Defendants conspired with a state actor.[5] The district court thus correctly dismissed Farwell's § 1983 claims against the Landlord and Attorney Defendants.

As to Farwell's claims against Daniels, Farwell maintains that she "tampered with evidence by removing records from the docket order." But Farwell does not dispute that Daniels's alleged conduct occurred more than two years before he filed the instant action and thus is barred by Texas's two-

---

[3] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[4] *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005).

[5] *See Arsenaux v. Roberts*, 726 F.2d 1022, 1023–24 (5th Cir. 1982).

No. 24-20033

year limitations period applied to § 1983 claims.[6]  Although we liberally construe *pro se* briefs, "we also require that arguments must be briefed to be preserved."[7]  By failing to brief the issue of timeliness, Farwell has abandoned any challenge to the district court's dismissal of his claims against Daniels.[8]

For the first time on appeal, Farwell argues that because the court below did not understand his claims, it erred by not holding a hearing before dismissing his claims.  As an initial matter, Farwell did not request a hearing before the district court.  Instead, he was given the opportunity to present his case through numerous written submissions to the court.  Moreover, the district court was not required to hold a hearing before dismissing his complaint under Rule 12(b)(6).[9]  Thus, the district court did not abuse its discretion by dismissing Farwell's complaint without holding a hearing.[10]  Finally, despite Farwell's conclusory assertion to the contrary, the district court construed his filings, to the extent discernible, liberally under the proper standard applied to *pro se* briefs.

---

[6] *See King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015) (recognizing "that Texas's two-year statute of limitations for personal injury actions applies to § 1983 claims"); Tex. Civ. Prac. & Rem. Code § 16.003.

[7] *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (internal quotation marks and citation omitted).

[8] *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

[9] *See Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998) (per curiam) ("Every circuit to consider the issue has determined that the 'hearing' requirements of Rule 12 and Rule 56 do not mean that an oral hearing is necessary, but only require that a party be given the opportunity to present its views to the court.").

[10] *See Sanders v. Agnew*, 306 F. App'x 844, 849 (5th Cir. 2009) (per curiam) (unpublished) (holding that a magistrate judge did not abuse his discretion by denying the plaintiff's motion for an oral hearing on a summary judgment motion).

No. 24-20033

Based on the foregoing, the district court's judgment is AFFIRMED.