# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 20, 2025

Lyle W. Cayce
Clerk

No. 24-20523

Stevie Wyre,

*Plaintiff—Appellant*,

*versus*

State of Texas; Rachel Palmer; Karen Parker; Ted Doebbler; John and/or Jane Doe,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-3425

———————————————————

Before Smith, Graves, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Stevie Wyre, Texas prisoner # 1858012, filed a civil rights complaint primarily challenging the denial of his state habeas application pertaining to his conviction for aggravated sexual assault of a child under 14. The district court dismissed Wyre's civil action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). The district

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court also denied a postjudgment motion to amend invoking Federal Rule of Civil Procedure 59(e).  Wyre now moves for authorization to proceed in forma pauperis (IFP) on appeal, which constitutes a challenge to the district court's certification that any appeal would not be taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

As an initial matter, Wyre does not specifically raise or meaningfully challenge the district court's reasons for dismissing his claims against the State of Texas and state courts under the doctrine of sovereign immunity. Nor does he raise any argument concerning his claims against "Jane and John Doe's of Harris County, Texas."  Further, he does not challenge the district court's decision declining to exercise supplemental jurisdiction over any state law claims or the district court's denial of his request to amend his complaint.  These claims are therefore deemed abandoned.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

In his IFP pleadings, Wyre contends that the district court abused its discretion in dismissing his claims against Rachel Palmer, Karen Parker, and Ted Doebbler because he alleged facts in his 42 U.S.C. § 1983 complaint demonstrating that they conspired to violate his constitutional rights by introducing inadmissible, unsworn witness statements into evidence during his criminal proceedings.  Wyre's conspiracy contentions, however, are conclusory and insufficient to arguably demonstrate a constitutional violation.  *See Arsenaux v. Roberts*, 726 F.2d 1022, 1023-24 (5th Cir. 1982). As such, he fails to raise a nonfrivolous issue with respect to the district court's decision that Doebbler, Wyre's court-appointed attorney, was not acting under color of state law for purposes of § 1983 liability when representing Wyre in his criminal proceedings.  *See Mills v. Criminal Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988).  Moreover, Wyre has not shown a nonfrivolous issue with respect to the district court's decision that Palmer

had absolute immunity in the instant case because all alleged acts were within Palmer's role as an advocate for the State related to Wyre's criminal prosecution. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Similarly, Wyre fails to demonstrate a nonfrivolous issue with respect to the district court's decision that Parker was entitled to absolute immunity as a testimonial witness in Wyre's criminal proceedings. *See Rehberg v. Paulk*, 566 U.S. 356, 366-67 (2012).

Accordingly, Wyre has failed to show a nonfrivolous issue with respect to the district court's dismissal of his civil rights complaint for failure to state a claim upon which relief may be granted. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). His motion to proceed IFP on appeal is therefore DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Wyre's complaint for failure to state a claim results in a strike pursuant to 28 U.S.C. § 1915(g), and the dismissal of the instant appeal as frivolous counts as another strike. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Wyre previously received a strike based on the district court's dismissal of a civil action as frivolous and failing to state a claim. *See Wyre v. UTMB*, 835 F. App'x 795, 795-96 (5th Cir. 2021). Because Wyre has now accumulated three strikes, he is BARRED from proceeding IFP in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).